### Edgar W. Duncan v. Caroline Humphries.

1. RESCISSION OF CONTRACTS—*Offer to Return Consideration.*—A party can not rescind a contract and at the same time retain the consideration he has received. He must put the other party in as good a condition as he was before the contract was made by an offer to return what he has received.

2. SAME—*Conditions Precedent.*—To lay the foundation for a bill to rescind a contract, the complainant must, before the commencement of his suit, offer and be willing to perform such acts on his part, as will restore the defendant to the position which he occupied before the transaction.

**Bill to Rescind a Contract.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Submitted at the March term, 1895, of this court; reversed and remanded with directions. Opinion filed April 22, 1895.

JOHN H. BRADLEY, attorney for appellant.

THOMAS H. GAULT, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

We assume on this record that the appellee and her husband, who acted with and for her in the business which is the subject of this suit, are ignorant colored persons, who lived in Atlanta, Georgia; that the North American Deposit and Investment Company, chartered in Iowa, with its principal office in Dubuque, and branch offices in Chicago and Atlanta, was a good company for such persons not to do business with; that the appellant was in such relations

with that company that he had notice of, and is affected by all equities affecting the company.

In April, 1892, she, at Atlanta, applied to the company for a loan of $1,200 for five years, and as a result she gave to the company a note for that sum payable April 22, 1897, with seven per cent interest, payable semi-annually, with coupons for that interest; another note for $60, payable $6 every six months for more interest; a subscription for eighty shares of stock in the company with forty-seven coupons of $16 each, payable monthly from April 1, 1892; and a warranty deed of a house and lot in Atlanta, valued in her application at $2,900. The company gave to her a bond to reconvey the property on payment of the notes and coupons for the $1,200, and two certificates, each for forty shares of $10 each, paid up stock in the company. How much money was given to her, or for her paid out by the company, we shall not undertake to determine. There was no reference to the master to state an account, though the defendant presented an account of a dozen items which seems to have been wholly disregarded below.

The bill filed by the appellee to rescind the transaction, acknowledged the receipt of $460, and the decree accepts that as the true sum.

Why this appellant, who lives in Salt Lake City, and was not found, and therefore not served with process, in Illinois, ever appeared in, and thereby gave jurisdiction over his person to, a court in Illinois, in a suit relating to real estate in Georgia, remains to us a mystery; and what effect is expected to follow in Georgia, from a deed made by a master in chancery of the Circuit Court of Cook County, Illinois. Black on Judgments, Sec. 872.

The decree is "that there is due to Duncan $460, and it is ordered that upon the payment by complainant of that sum and interest at seven per cent, from April 22, 1892, to the date of this decree and six per cent thereafter until paid, within ninety days therefrom, that he convey said real estate to complainant, and surrender the note and coupons, in default of which a master in chancery execute such conveyance; that in default of payment by complainant the deed

to stand for a mortgage securing $460, and that Duncan be permitted to foreclose it for that amount; that upon the return of the certificate representing the forty shares of stock to the company, it shall cancel and · return to complainant the application for the loan, the sixty dollar note and the complainant's subscriptions for stock."

We shall not undertake to defend the conduct of this company. If we assume to be true all that the appellee in her bill alleges of deception and fraud, the fact remains that she never took a step toward rescinding the transaction. Ignorance may be an excuse for a lack of prudence and caution in the transaction itself, but to lay a foundation for a bill to rescind, the complainant must, before suit, offer and be ready and willing to perform such acts on his part, as will restore the other party to the position which he occupied before the transaction.   Rigdon v. Walcott, 43 Ill. App. 352; 141. Ill. 649.

The jurisdiction *in personam* to compel acts affecting real estate abroad, if it could be here exercised, does not affect the rule that a bill to rescind does not lie without such previous offer, readiness and willingness.

Whether in Georgia, where, we may assume, a court can act upon real property there, by constructive service upon parties in interest, such offer, readiness and willingness might be, where the opposite party is inaccessible, by proceeding in the court itself, is not for us to consider.

The bill can not be treated as a bill to redeem from a mortgage, because by the laws of the State of Georgia, which State has the right to make the laws governing real property within its boundaries (McCarthy v. Osborn, 118 Ill. 403), such a transaction as this, viz., a deed and bond back for reconveyance, does not constitute a mortgage.   Code of 1882, Sec. 1969.   A proper construction of that statute, which we do not copy in full, would seem to be that the relation of vendor and purchaser is created by such a transaction, under which relation the party, who with us would be a mortgagor, would be a purchaser, and as such, would be entitled only to a specific performance upon the terms of the bond to reconvey.

The decree is reversed and the cause remanded, with directions to the Circuit Court to dismiss the bill without prejudice to any right or remedy of the appellee in any other proceeding, but at her costs of this suit.

Mr. Justice Shepard, dissenting.

It being manifest that the equities are strongly in favor of the appellees, I think instead of dismissing the bill for the want of a proper offer upon which to base a rescission, the cause should only be reversed, with directions to permit the appellees to amend their bill by offering to pay the sum found due, and that the decree should be modified so that instead of requiring the appellant to foreclose his mortgage for such amount, the appellee be required to pay such sum within a short day to be fixed, and thereupon the appellant be required to recover the Georgia premises, and if the payment be not made, that then the bill be dismissed.